This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-38399**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.

**MICHELLE TORRES,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF CURRY COUNTY**
**Matthew E. Chandler, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM
Lauren Joseph Wolongevicz, Assistant Attorney General
Albuquerque, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Santa Fe, NM
Victor E. Sanchez, Jr., Assistant Appellate Defender
Albuquerque, NM

for Appellant

## MEMORANDUM OPINION

**HANISEE, Chief Judge.**

**{1}** Defendant appeals an order revoking her probation, asserting that the admission of hearsay denied her the opportunity to confront the witnesses against her, amounting to a denial of due process. [DS 11-12] This Court's notice of proposed summary disposition proposed to reverse on the basis that where, as here, probation is revoked because the probationer is alleged to have committed a new crime, that allegation "must be tested in the crucible of cross examination." *State v. Guthrie*, 2011-NMSC-014, ¶ 36,

150 N.M. 84, 257 P.3d 904. In response, the State has filed a memorandum in opposition to summary reversal, arguing that the hearsay at issue was not necessary to prove any contested fact below. [MIO 4] Having duly considered that memorandum, we remain unpersuaded and reverse.

{2}     The State's memorandum asserts that Defendant's admission that she wrote and signed a pair of checks drawn on Victim's account obviated the need for cross-examination of statements made by Victim's daughter, who was "the only one authorized" to write those checks. [MIO 4, 5] The State's motion to revoke Defendant's probation was based upon an allegation that Defendant had violated her probation by committing a crime. [RP 163] The violation report filed below asserted that crime to be identity theft, forgery, or fraud. [RP 154]

{3}     Thus, the State's allegation was not merely that Defendant had written the two checks, but that she had written the checks without authorization, with intent to defraud, or by fraudulent means. *See* NMSA 1978, §§ 30-16-24.1 (2009) (defining the offense), 30-16-10 (2006) (same), and 30-16-6 (2006) (same). As our notice of proposed summary disposition explained, in order to establish all of those facts,

> evidence was offered to show that Defendant was working as a home health aide providing care for Victim when Victim's daughter was unavailable to do so. [DS 7] The evidence tended to establish that Defendant had cashed two checks against Victim's bank account that were not authorized by Victim's daughter, who was responsible for paying Defendant and had authority to write checks on Victim's account. [Id.]

[CN 2]

{4}     The evidence to establish that the checks were not authorized by Victim's daughter, however, consisted solely of hearsay from law enforcement officers who spoke with the daughter. [MIO 2-3; DS 8] Thus, our notice proposed that "the testimony recounting assertions by Victim's daughter that she did not write or authorize the checks cashed by Defendant was central to establishing that Defendant had committed a new crime." [CN 4] That testimony, however, was uncorroborated hearsay. Neither Defendant's concession that she wrote the checks nor Victim's testimony that she did not authorize the checks corroborates the police testimony that Victim's daughter did not authorize the checks at issue.

{5}     As a result, that testimony, including the hearsay it contained, was central to the truth-finding process with regard to an element of the new crime alleged against Defendant. Thus, this case presents the circumstances envisioned by *Guthrie*, in which our Supreme Court noted that when "the violation is that the probationer is alleged to have *committed* a crime, but has not been convicted, then we would be hard pressed to envision a situation in which personal testimony and confrontation would not be required." *Guthrie*, 2011-NMSC-014, ¶ 38. Because Defendant was alleged to have violated her probation by committing a new crime that required her to have acted

without authorization or with fraudulent intent, we conclude that there was no good cause to dispense with the protection of confrontation in the process of establishing that fact.

**{6}** Accordingly, for the reasons stated here and in our notice of proposed summary disposition, we reverse the revocation of Defendant's probation and remand this case to the district court for appropriate proceedings.

**{7}** **IT IS SO ORDERED.**

**J. MILES HANISEE, Chief Judge**

**WE CONCUR:**

**JENNIFER L. ATTREP, Judge**

**ZACHARY A. IVES, Judge**